IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| GARY FANNING, | : | 1:18-CR-0362-AT-1 |
| | : | |

# **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 47] recommending that defendant's Motion to Suppress Wiretap [Doc. 29], Motion to Suppress Evidence Obtained via Search Warrant [Doc. 30], and Motion to Suppress Pole Camera Evidence [Doc. 33], be denied. The Defendant filed objections to the R&R [Doc. 49] as well as a response to the Court's July 30, 2019, Order requesting clarification of the objections as to the specific communications that defendant contended provided a basis for standing to challenge the wiretap evidence at [Doc. 51].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. The Defendant objected on

numerous grounds to the Magistrate Judge's Report and Recommendation. Accordingly, the Court has reviewed the record in this case on a de novo basis

After an independent de novo review of the record, the Court finds that the R&R is correct and that the Defendant's objections lack merit. Accordingly, the Court **OVERRULES** Defendant's objections [Doc. 49]; **ADOPTS** the Magistrate Judge's R&R [Doc. 47]; and **DENIES** Defendant's Motion to Suppress Wiretap Evidence [Doc. 29], Motion to Suppress Evidence Obtained via Search Warrant [Doc. 30], and Motion to Suppress Pole Camera Evidence [Doc. 33]. However, the Court notes that defendant reserves the right to further argue at trial, that the wiretap evidence the Government may introduce, may be inadmissible against him and should be excluded under Fed. R. Evid. 402 and 403.

As this case is now certified ready for trial, the Court hereby sets the trial date for defendant Fanning to begin on October 15, 2019, at 9:30 AM in Courtroom 2308. The pretrial conference is set for October 9, 2019, at 10:30 AM in Courtroom 2308. Defendant is required to attend the pretrial conference or present a written waiver of his attendance. By September 25, 2019, the parties are to file any motions in limine and proposed voir dire questions. By September 25, 2019, the Government is to file a summary of the indictment for use in voir dire. By October 2, 2019, the parties are to file any objections to those items listed above. The time from August 13, 2019,

to October 15, 2019, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The parties should be prepared to provide the Courtroom Deputy Clerk with three (3) copies of your respective exhibit and witness lists at the start of trial for use by the Judge, Court Reporter, and Courtroom Deputy Clerk. Each party should also provide a courtesy copy of all exhibits for the Judge's use during trial, preferably in an appropriately labeled notebook provided on the first day of trial. The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits. The parties <u>must</u> provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Please refer to Judge Totenberg's Guidelines to Parties and Counsel at http://www.gand.uscourts.gov/case-prep-judge-totenberg for information regarding the pretrial conference, voir dire, and courtroom technology. Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk. The Court will not allow time for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed no later than three (3) days in advance of trial, to allow time for proper notification to the US Marshals Service.

**IT IS SO ORDERED** this 13th day of August, 2019.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**